UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- X
In re                           :
                                :  Chapter 7
MARCIA CAMPBELL,                :
                                :  Case No. 17-13518 (CGM)
                  Debtor.       :
                                :
------------------------------- X
JOHN S. PEREIRA, Chapter 7 Trustee for  :
the estate of Marcia Campbell,          :
                                        :
                  Plaintiff,            :
                                        :
        vs.                             :
                                        :  ADV. NO. 18-01660 (CGM)
MARCIA CAMPBELL, FRED CAMPBELL,         :
SR., FRED CAMPBELL, JR. EXTREME         :
REALTY ASSOCIATES, INC., and            :
EXTREME REALTY ADVANCE,                 :
                                        :
                  Defendants.           :
------------------------------- X

**CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND CONSENT DECREE PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

John S. Pereira, chapter 7 trustee (the "Trustee") for the estate of Marcia Campbell (the "Debtor"), by and through his undersigned counsel, hereby moves (the "Motion") this Court, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order approving a settlement agreement and consent decree (the "Settlement Agreement") entered into by and between the Trustee and the Debtor, Fred Campbell, Sr. ("Fred Senior"), Fred Campbell, Jr. ("Fred Junior"), Extreme Realty Associates,

Inc. ("Extreme Realty") and Extreme Realty Advance ("Extreme Advance," together with the Debtor, Fred Senior, Fred Junior and Extreme Realty, the "Defendants"). A copy of the Settlement Agreement and Consent Decree are attached hereto as **Exhibit "A."** In support of the Motion, the Trustee represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that it is a matter concerning the administration of the Debtor's estate. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

3. On December 8, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4. By notice of voluntary conversion, the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code [Doc. No. 12].

5. On or about January 19, 2018, the Trustee was appointed as the chapter 7 trustee for the Debtor's estate.

## THE ADVERSARY

6. On October 10, 2018, the Trustee filed an adversary complaint against the Defendants, *In re: Pereira v. Campbell, et al.*, Adv. No. 18-01660-CGM (the "Adversary"), seeking, inter alia, to avoid, recover and set aside fraudulent transfers of Extreme Advance, a real estate company wholly owned by Debtor, along with its good will, furniture, fixtures, and

equipment, as well as its accounts and books and records, and all other assets and property of Extreme Realty Advance (collectively, the "Transferred Assets");

7. On December 17, 2018, the Trustee obtained a default judgment against the Defendants: (i) directing the turnover of the Transferred Assets or the value thereof; (ii) avoiding, preserving and setting aside the transfer of the Transferred Assets; (iii) awarding Plaintiff's reasonable attorney's fees; (iv) the liability for an injunction, accounting and unjust enrichment; and (v) sale of the Property free and clear of the interests of the defendants (the "Default Judgment").

8. The Trustee and Defendants have agreed to provide for the complete satisfaction of their obligations under the Default Judgment, on the terms and conditions described below, and as fully set forth in the Settlement Agreement.

## **PROPOSED SETTLEMENT**

9. After arms' length negotiations, the Trustee reached a settlement with the Defendants, pursuant to which the Defendants will:

(i) pay to the Trustee the total sum of One Hundred Thousand ($100,000) US Dollars (the "Settlement Amount") in four installments as follows: (a) an initial payment of Twenty Thousand ($20,000) US Dollars on or before July 30, 2019; (b) an installment of Twenty Thousand ($20,000) US Dollars on or before August 30, 2019; and (c) two (2) installments of Thirty Thousand ($30,000) US Dollars on or before September 30, 2019 and October 30, 2019, respectively;

(ii) have five (5) days to cure any default of the July 30, 2019, August 30, 2019, and September 30, 2019 installments;

(iii) execute a stipulated consent decree (attached as Exhibit A to the Settlement Agreement) which authorizes the Trustee, upon default by the Defendants, to proceed with the enforcement of the Default Judgment and obtain the immediate turnover of the Transferred Assets;

(iv) waive and not assert any claims, including any 502(h) claims, against the Debtor's estate, and any claim(s), filed or unfiled, prior to the approval of the Settlement Agreement and the consent decree will be deemed expunged;

3

49368007;3

Also, the Debtor and the non-debtor spouse will:

(v) waive any rights, including any statutory homestead rights under state law, to the Property (as defined in the Settlement Agreement) and waive any and all claims asserted or to be asserted, including any homestead exemption claims, against the Property.

10. The Settlement Agreement and the Consent Decree do not become effective until they have been approved by this Court.

## THE SETTLEMENT AGREEMENT AND CONSENT DECREE SHOULD BE APPROVED BECAUSE IT FALLS WITHIN THE RANGE OF REASONABLENESS

11. Entry into the Settlement Agreement and the Consent Decree is in the best interest of the Debtor's estate and should be approved under Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In granting a motion pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interest of the estate. Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968); Fisher v. Pereira (In re 47-49 Charles St.), 209 B.R. 618, 620 (Bankr. S.D.N.Y. 1997); In re Ionosphere Clubs, 156 B.R. 414, 426 (Bankr. S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

12. The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. Nellis v. Shugrue, 165 B.R. 115, 123 (Bankr. S.D.N.Y. 1994). It is the responsibility of a court to examine a settlement and determine whether it "fall[s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983); In re Spielfogel, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

49368007;3

Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." In re Hibbard Brown & Co., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

13. In deciding whether a particular settlement falls within the "range of reasonableness," courts in the Second Circuit consider the following factors: (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. Nellis, 165 B.R. at 122 (citing In re Drexel Burnham Lambert Group, 960 F.2d 285, 292 (2d Cir. 1992)).

14. While a court must evaluate "all . . . factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Anderson, 390 U.S. at 424-25, a court need not conduct a mini-trial of the merits of the claims being settled, W.T. Grant Co., 699 F.2d at 608, or conduct a full independent investigation. In re Drexel Burnham Lambert Group, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991). "[T]he bankruptcy judge does not have to decide 'the numerous questions of law and fact . . . .' The court need only canvass the settlement to determine whether it is within the acceptable range of reasonableness." Nellis, 165 B.R. at 123 (internal citations omitted).

15. The court may give weight to the informed judgment of the trustee that a compromise is fair and equitable. In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993); accord In re Ashford Hotels Ltd., 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other."). The Trustee believes that the Settlement Agreement satisfies the standard for approval.

16. The Trustee has concluded that the Settlement Agreement and the Consent Decree are fair and equitable, fall well within the range of reasonableness, and enables the Debtor's estate to avoid the cost of execution on the default judgment. The Trustee has concluded that the undertaking of more litigation in this matter, as opposed to settlement, would be an unnecessary drain on the resources of the Debtor's estate, and would divert the attention from the current efforts to maximize the value of the Debtor's estate. The Trustee believes that this represents a benefit to the Debtor's estate, its creditors, and all parties in interest.

17. The value accruing from the Settlement Agreement represents a benefit to the Debtor's creditors and all parties in interest. Accordingly, the Court should approve the Settlement Agreement and the Consent Decree pursuant to Bankruptcy Rule 9019.

18. No prior motion has been filed for the relief requested herein.

## NOTICE

19. Notice of this Motion has been provided to (i) Office of the United States Trustee for the Southern District of New York, (ii) counsel to the Debtor, (iii) all creditors, and (iv) all parties that, as of the filing of this Motion, have filed a notice of appearance in this case via the ECF notification system. The Trustee submits that no further notice of this Motion need be given.

## CONCLUSION

For all of the foregoing reasons, the Trustee respectfully request that the Court enter the proposed order, attached hereto as **Exhibit "B,"** granting the Motion, and grant such other and further relief as it deems just and proper.

49368007;3

Dated:  New York, New York
July 31, 2019

                              AKERMAN LLP

By:   s/John P. Campo
      John P. Campo
      Darryl R. Graham
      666 Fifth Avenue, 20th Floor
      New York, New York 10103
      Tel.: (212) 880-3800
      E-mail: john.campo@akerman.com
      E-mail: darryl.graham@akerman.com

*Special Counsel to the Trustee*